Case 4:23-cv-01387   Document 11   Filed on 02/28/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 28, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARMANDO WILLIAMS, § <br> SPN # 03123608, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> HARRIS COUNTY SHERIFF'S OFFICE, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:23-1387 |

### MEMORANDUM OPINION AND ORDER STAYING CASE

Plaintiff Armando Williams, a detainee in the Harris County Jail, proceeds *pro se* and *in forma pauperis* in this civil rights action. After reviewing all of the pleadings as required by the Prisoner Litigation Reform Act (PLRA), the Court concludes that this case should be **STAYED** and **ADMINISTRATIVELY CLOSED** for the reasons that follow.

### I.  BACKGROUND

Williams is a pretrial detainee in the Harris County Jail. According to the jail's public online records, Williams was booked in December 2022 for capital murder, Cause No. 1798784. *See* Harris County Sheriff's Office Jail Information Page, available at https://harriscountyso.org/JailInfo/FindSomeoneInJail (last visited Feb. 27, 2024). The Harris County District Clerk's online records for Cause No. 1798784 indicate that Williams has not yet been tried and that a pre-trial conference is set for April 11, 2024. *See* Record Search, Harris County District Clerk, available at www.hcdistrictclerk.com (last visited Feb. 27, 2024).

In this suit, Williams sues the Harris County Sheriff's Office for illegal arrest, illegal search of his vehicle, illegal questioning, and illegal detention in connection with Cause No. 1798784 (Dkt. 1, at 3, 5). As relief for his claims, he seeks a payment of $1.5 trillion and dismissal of the capital murder charge against him (*id.* at 5).

## II.  THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a governmental entity, the Court is required by the PLRA to dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as that for a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the

complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III. DISCUSSION

Williams brings his claims under 42 U.S.C.§ 1983, which provides a vehicle for a claim against a person acting under color of state law for a constitutional violation. *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). He names the Harris County Sheriff's Office as the sole defendant in this case. However, the sheriff's department, as a subdivision of Harris County, is not an entity capable of being sued under Texas law and Federal Rule of Civil Procedure 17(b). *See Darby v. Pasadena Police Dept.*, 939 F.2d 311,

313 (5th Cir. 1991); *Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. May 3, 2022). His claims are subject to dismissal on this basis.

Additionally, even if brought against a proper defendant, Williams' allegations in this civil rights case relate to the criminal prosecution against him for capital murder in Cause No. 1798784. The Supreme Court has held that a civil rights claim under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 487. If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Public court records do not reflect that Williams' conviction or sentence in in Cause No. 1798784 has been invalidated or otherwise set aside. To the contrary, he has not yet been tried on the charges against him. Because his allegations in this lawsuit implicate the validity of the pending criminal charges against him and any conviction or sentence that might result, *Heck* precludes Williams' claims under § 1983 until he can demonstrate that his conviction or sentence has been invalidated. *See Clarke v. Stalder*, 154 F.3d 186, 189-

91 (5th Cir. 1998) (en banc).  Additionally, to the extent Williams' complaint could be construed as a request for this Court to enter injunctive relief, the Court must abstain from intervening in ongoing state court proceedings under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971).  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016).  The pending state court proceedings against Williams implicate Texas' important interests in enforcement of its criminal laws and, moreover, those proceedings provide an adequate forum for him to raise issues regarding his constitutional rights, including his claims about his arrest, the search, and his questioning and detention.  *See Sprint*, 571 U.S. at 78; *Google*, 822 F.3d at 222.

The Supreme Court has explained that, if a pretrial detainee such as Williams files civil rights claims related to rulings that will likely be made in a pending criminal proceeding, the best practice is for the district court to stay the civil rights case until the pending criminal case is resolved.  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).  The Court therefore will stay and administratively close this case until the criminal proceedings against Williams in in Cause No. 1798784 including any future appeal, are resolved. If Williams ultimately is convicted, *Heck* will require dismissal of any claims in this lawsuit that would imply the invalidity of his conviction until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").  If he is not convicted, this lawsuit may proceed, absent some other bar to suit.  *See Wallace*, 549 U.S. at 394.

If Williams seeks to proceed with this suit after the criminal proceedings have concluded, he is instructed to file a motion to reinstate this case **within 30 days** of the state court judgment. Failure to file a timely motion to reinstate could waive Williams' opportunity to proceed with this civil action.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. This civil action is **STAYED** and **ADMINISTRATIVELY CLOSED** until the Court enters an order lifting the stay.

2. All pending motions, if any, are **DENIED** as moot.

3. Within 30 days after judgment is entered in the criminal proceedings against him, Williams may file a motion to reinstate this case. <u>If Williams fails to a motion to reinstate within 30 days of the state court judgment, he may waive his opportunity to proceed with this lawsuit</u>.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on     February 28    , 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE